No. 9831.

SMITH ET AL. v. CAMPBELL.

ASSIGNMENT—*Second Assignment,* of what has already been assigned passes nothing.

*Error to Adams District Court, Hon. Clarence J. Morley, Judge.*

*Department One.*

Mr. HARRY BEHM, for plaintiffs in error.

Mr. J. PAUL HILL, for defendant in error.

Mr. Justice Burke delivered the opinion of the court.

To review a judgment for defendant in error plaintiffs in error have sued out this writ.   They also ask the issuance of a supersedeas.   The case is fully briefed and, both sides so requesting, we will determine it on this application.

The record consists only of complaint and answer, judgment and assignment of errors, and a stipulation of facts.

For convenience we will treat defendant in error, who as to a portion of the transaction comes here as the successor in interest of her deceased husband, as the principal throughout.   For the same reason the fund in question, represented by a certain check deposited in the registry of the court, we will consider as cash.

Smith was indebted to Campbell.   He leased ground from her for the season of 1919, and raised sugar beets thereon.   The beets were contracted by Campbell to the Great Western Sugar Company at $10.00 per ton.   Smith's indebtedness to Campbell was secured by chattel mortgage

which included his interest in the sugar beets. Under the terms of the lease the landlord took one-third of the crop and the tenant two-thirds. During the farming season Campbell made additional advances to Smith and after the crop was marketed they had a settlement in full, by the terms of which all the property covered by the mortgage was turned over to Campbell and credited on Smith's indebtedness. This transfer was evidenced by a bill of sale which described the property as "all the goods and chattels" covered by the mortgage. There still remained due to Campbell from Smith $2,100.00, for which amount he gave his note. Thereafter the Great Western Sugar Company paid an additional sum equal to $1.00 per ton on the beets grown under the Campbell contract and covered by the chattel mortgage. It is this additional payment of $602.09, now in the registry of the court, which is in dispute. Smith, having assigned his interest to Lehrman, now disclaims. Lehrman claims two-thirds of the fund under his assignment. Campbell claims one-third of the fund in her own right and the other two-thirds to be credited on the $2,100.00 note. The judgment below upheld Campbell's position.

Campbell says this money is part of the payment for beets. Lehrman says it is a gift from the Sugar Company. The stipulation before us settles the question. "Thereafter * * * the Great Western Sugar Company * * * paid the additional sum of one dollar per ton for beets * * *. The * * * $602.09 herein tendered into court is the additional payment for beets."

Smith's mortgage to Campbell covered these beets. They were applied on Smith's indebtedness, as evidenced by the bill of sale. The whole had become the property of Campbell prior to the pretended assignment to Lehrman, and Smith had nothing to assign. The intention of the parties is beyond doubt. Not knowing that the full purchase price had not been paid by the Sugar Company Smith failed to obtain, in his settlement with Campbell, the total credit to which he was entitled. Campbell takes

the entire $602.09 but must correct the error in settlement by crediting two-thirds of this amount on the Smith note. The supersedeas is denied and the judgment affirmed.

Garrigues, C. J., and Teller, J., concur.